## POORMAN v. CRANE'S ADMINISTRATOR.

Error—record destroyed by fire and supplied—facts of record conclusive.

Where the record of a judgment including the recognizance of bail, has been destroyed by fire in Pennsylvania, and the judgment has been revived in that state according to its laws, by scire facias, and a suit afterwards is brought on the judgment in this state, it is not competent for the defendant to question the regularity of the judgment in Pennsylvania.

The record in such case is conclusive evidence of the facts appearing in it.

ERROR. Crane in his lifetime went security for Poorman in Pennsylvania of record. Poorman failed to pay the money and judgment was had against him in Pennsylvania. After this the court-house and record of the judgment were burned up. The creditor, however, according to the laws of Pennsylvania, supplied the record and revived the judgment: but being unable to obtain the money of Poorman, he proceeded against Crane on his recognizance, obtained a judgment, and compelled him to pay. The administrator sued in the court below to recover this money back again, and the Court of Common Pleas admitted transcripts of the proceedings in Pennsylvania as *prima facie evidence* of what appeared on their face. For the error of the court in admitting these transcripts it is sought to reverse the judgment.

WOOD, J. We see no error in these proceedings. A simple statement of the facts will show that these transcripts were properly admitted. The security was claimed to be a recognizance of the defendant, and all the judicial proceedings were according to the laws of the state where the obligation was entered into; and were but continued efforts to obtain satisfaction of the defendant's debt. Does it lie in his mouth to say, he was not privy to the record? We think it does not. The revival of the judgment and the supply of the record, after it was burnt, by scire facias, was according to the laws of Pennsylvania, and although the writ was not personally served on Poorman, yet that was done, which under the laws of that state was equivalent to service and appearance. We incline to the opinion the only error committed was one favorable to the plaintiff in error, that of declaring the transcripts only *prima facie* evidence of the facts set forth in the record. They were conclusive evidence of these facts.

Let the judgment be affirmed with costs.